(C. D. 1011)

GALLAGHER & ASCHER CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 21, 1946)

*Barnes, Richardson & Colburn; Wallace & Schwartz (Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Harold L. Grossman* and *Dorothy C. Bennett,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States, arising at the port of Chicago, by protest against the collector's assessment of duty on merchandise invoiced as "cocoa cake" at 1½ cents per pound as "Cocoa and chocolate, unsweetened" under paragraph 777 (a) of the Tariff Act of 1930, as modified by the Netherlands Trade Agreement, T. D. 48075. It is claimed that the merchandise is properly dutiable at three-tenths of 1 cent per pound under paragraph 730 as vegetable oil cake.

The pertinent provisions of the tariff act are as follows:

PAR. 777. [as modified by the Netherlands Trade Agreement, T. D. 48075] (a) Cocoa and chocolate, unsweetened, 1½ cents per pound, net weight.

(b) Cocoa and chocolate sweetened:

In bars or blocks weighing ten pounds or more each, 2 cents per pound.

In any other form, whether or not prepared, valued at 10 cents or more per pound, 20% ad valorem.

(c) Cacao butter, 12½% ad valorem.

PAR. 730. * * * all other vegetable oil cake and oil-cake meal, not specially provided for, three-tenths of 1 cent per pound * * *

There are also involved the following Bureau rulings:

T. D. 50910:

(1) *Cocoa residue.*—The oil cake or oil-cake meal remaining after the expression of cocoa butter from cocoa beans and the expeller cake which remains after the pressing for fat of a mixed material consisting of shells, dust, and particles of the cocoa bean or nib are dutiable at the rate of 3/10 cent per pound under paragraph 730, Tariff Act of 1930, rather than as waste under paragraph 1555. T. D. 50582 (1) is hereby revoked. * * *

T. D. 50582:

(1) *Cocoa residue* containing less than 2 per centum of theobromine is dutiable as a waste, not specially provided for, at the rate of 7½ per centum ad valorem under paragraph 1555, Tariff Act of 1930, as modified pursuant to the Canadian and British Trade Agreements, rather than free of duty as a fertilizer material under paragraph 1685 (Abstract 12224 noted). * * *

At the trial Karl Karnopp, president of The Kalva Corp., the importing firm, distinguished chocolate and cocoa, as follows:

Chocolate, or as the trade calls it, chocolate liquor, is the product which results from roasting and grinding the cacao bean. Cocoa, or perhaps more accurately speaking, cocoa powder is the product which results from pulverizing and sifting partially defatted chocolate or chocolate liquor. This partially defatted chocolate or chocolate liquor is in the form of a hard cake known to the trade as a pressed cake.

The witness had visited exporter's factory in 1943 and had observed the process of manufacture, which he described as follows: The cacao

bean is cleaned of dirt and stones by air-blast methods, after which it is roasted and passed through a cracking and fanning machine to separate the shell from the nib or seed of the bean; the nibs are then passed between two millstones and the resulting material is chocolate liquor. The liquor flows into a holding tank where it is kept under agitation at a certain temperature and is then put into the cocoa butter press where pressure is applied and the cocoa butter flows away. The remainder is cocoa pressed cake. This cake comes from the press in a disk from 10 to 18 inches in diameter, but it is broken up into smaller pieces for shipment. Mr. Karnopp stated that after importation the cocoa pressed cake is pulverized and sifted since it cannot be used in the cake form, but no substances are added to it.

Mr. Karnopp further testified that "until the cocoa pressed cake is ground or pulverized you can't have cocoa"; that there is no such thing as unpulverized cocoa; and that he used the terms "cocoa" and "cocoa powder" interchangeably. He stated that the merchandise is accurately described by the language of T. D. 50910 (1) "The oil cake or oil-cake meal remaining after the expression of cocoa butter from cocoa beans," and that it could also be described as "a thick, hard, brick-like cake of fine, smooth texture remaining from the pressing of fat from clean, purified cocoa beans or nibs and suitable for reduction to powdered cocoa."

The witness defined oil cake as "the material which remains after the oil has been expressed from oil-bearing vegetable matter" and stated that the involved merchandise is oil cake; that oil cake and cocoa pressed cake are both correct denominations for it. He added that cocoa pressed cake is fit for human consumption but would be difficult to eat because of its hardness. It could not be liquefied by boiling but could be grated. He also stated that low-priced cocoas are used for stock feed, as a base for rat poison, and other purposes unconnected with human food uses.

The defendant offered in evidence a report made by the United States Customs Laboratory at Chicago dated June 12, 1943, covering the involved merchandise. The report states that the sample is "cocoa cake, unground cocoa, unsweetened."

The collector's report on protest contains the following statement:

This office is satisfied that the merchandise involved is unsweetened cocoa and that it is not, as alleged in the protest, an oil cake meal the same as, or similar to, the product mentioned in T. D. 50910 (1).

The first question is whether this merchandise can be classified as "cocoa." Plaintiff's witness testified that there could be no such thing as cocoa unground ·or unpulverized; that "until the cocoa pressed cake is ground or pulverized, you can't have cocoa"; that "cocoa is not cocoa if it is not powdered"; and that he had never bought or sold material such as that involved herein as cocoa.

The following dictionary definitions support plaintiff's contention that "cocoa" is a substance in powdered form:

Chocolate deprived of its fat and pulverized. (Webster's New International Dictionary.)

Dried and powdered seed-kernels of the cacao or chocolate-tree. (Funk & Wagnalls New Standard Dictionary.)

Plaintiff's claim is also supported by the following excerpt from the Digest of Trade Data on the Netherlands Trade Agreement published by the United States Tariff Commission (p. 110):

When the melted chocolate liquor is subjected to pressure cacao butter is removed. The press cake obtained in this operation, after grinding, becomes the familiar cocoa powder.

That indicates that the press cake does not become "cocoa" until it is ground.

The report of the United States Customs Laboratory described the merchandise as "unground cocoa." It is significant, however, that there is no tariff provision for "cocoa, unground," indicating that Congress intended the term "cocoa" to apply only to the familiar powdered substance. The fact that the press cake becomes cocoa after grinding is immaterial, since merchandise is classifiable according to its condition when imported and not according to what it may later be made into. *United States* v. *Citroen*, 223 U. S. 407; *United States* v. *International Forwarding Co.*, 15 Ct. Cust. Appls. 198, T. D. 42235; *Leonard Levin Co.* v. *United States*, 27 C. C. P. A. 101, C. A. D. 69.

Since the merchandise herein is not "cocoa," we turn next to plaintiff's claim that it is properly dutiable as "vegetable oil cake" under paragraph 730. Plaintiff's witness testified that the merchandise was the oil cake remaining after the expression of cocoa butter from cocoa beans. Oil cake has been defined as follows:

The solid mass, or residue, left after extracting most of the oil from seeds of cotton, hemp, flax, soybeans, etc., or from dried coconut meat, etc., used, esp. after grinding and then called *oil meal*, as a stock feed and some kinds as fertilizer; specif., linseed, or flaxseed, cake. (Webster's New International Dictionary.)

Cocoa pressed cake conforms to that definition in that it is a solid mass left after cocoa butter (which is an oil) has been extracted, and, according to Mr. Karnopp, cheaper grades of cocoa pressed cake are used as stock feed.

In *United States* v. *Wilfred Schade & Co.*, 16 Ct. Cust. Appls. 366, T. D. 43092, it was held that merchandise described as "cod-liver oil-cake meal" was not classifiable as oil-cake meal. The court said that the term "oil cake" referred to "the residue of vegetable seeds from which the oil has been expressed." Under this definition cocoa pressed cake is oil cake, since it is the residue of the cocoa bean from which cocoa butter has been expressed.

In 79 Treas. Dec. 38, T. D. 50910, there was published an abstract of a Bureau letter to the collector of customs at New York, dated July 26, 1943 (subsequent to the importation herein), in which it is stated:

Cocoa residue.—The oil cake or oil-cake meal remaining after the expression of cocoa butter from cocoa beans and the expeller cake which remains after the pressing for fat of a mixed material consisting of shells, dust, and particles of the cocoa bean or nib are dutiable at the rate of ³⁄₁₀ cent per pound under paragraph 730, Tariff Act of 1930, rather than as waste under paragraph 1555. * * *

The Bureau therefore must have believed that some product obtained from the cocoa bean was oil cake. According to the testimony, the cocoa pressed cake herein conforms to the description in T. D. 50910 (1).

We find plaintiff's claim that the collector's classification was a change in uniform administrative practice without the 30 days' notice required by section 6 of the Customs Administrative Act of 1938 is without merit, since there was no proof of the practice and since T. D. 50910 was published after the importation of the involved merchandise, and any change from the practice thereunder could not affect plaintiff.

We hold, however, that the merchandise herein is not cocoa but is properly dutiable under paragraph 730 at three-tenths of 1 cent per pound as vegetable oil cake. Judgment will be rendered accordingly.